**In re PENSION FUND CLASS ACTION LITIGATION.**

No. 131.

Judicial Panel on Multidistrict Litigation. June 13, 1973.

See also, D.C., 341 F.Supp. 1117 and D.C., 341 F.Supp. 1124.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER.

**PER CURIAM.**

Class actions on behalf of policemen and firemen in the cities of Houston, Dallas, San Antonio and El Paso, Texas and New Orleans, Louisiana, are pending in federal courts in Texas and Louisiana. The five actions attack the constitutionality of statutes establishing and providing for the administration of pension funds for policemen and firemen in those cities. Plaintiffs in the five actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order transferring these actions to a single district for coordinated or consolidated pretrial proceedings.

The statutes in issue require a deduction from the salary of each policeman or fireman employed by the city to be contributed to a pension fund. Plaintiffs contend that those contributions are not refunded to the employee if he terminates his employment either prior to qualifying for pension benefits at the end of a prescribed number of years of service or for any reason other than total disability caused in line of duty. And it is alleged that this legislatively sanctioned practice constitutes a deprivation of property without due process of law and violates plaintiffs' constitutional rights under the Equal Protection Clause.

We are not persuaded that these actions involve "one or more common questions of fact," 28 U.S.C. § 1407(a); nor are we persuaded that there is a possibility of overlapping or inconsistent class determinations unless the actions are transferred. Upon consideration of the papers submitted and the hearing held, we find that the actions in this litigation involve predominantly, if not entirely, questions of law and that transfer under Section 1407 would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation.

It is therefore ordered that plaintiffs' motion to transfer the actions on the attached Schedule A to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 be, and the same hereby is, denied.

## SCHEDULE A

### Southern District of Texas

| | |
|---|---|
| J. W. Walker, et al. v. City of Houston, et al. | Civil Action No. 69–H–168 |

### Northern District of Texas

| | |
|---|---|
| Billy Jack Gaines, et al. v. City of Dallas, et al. | Civil Action No. 3–6170 |

### Western District of Texas

| | |
|---|---|
| Raymond Marquiz, et al. v. City of San Antonio, et al. | Civil Action No. SA–72–CA–271 |
| William N. Gould, et al. v. City of El Paso, et al. | Civil Action No. EP–72–CA–209 |

### Eastern District of Louisiana

| | |
|---|---|
| William J. Warner, Jr., et al. v. Board of Trustees of the Police Pension Fund of the City, et al. | Civil Action No. 72–3019 |